**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>WILSHIRE LAW FIRM, P.L.C.<br><br>     Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

  Plaintiff Kimberly Hudson-Bryant ("Ms. Hudson-Bryant"), by her undersigned counsel, for this class action complaint against Defendant Wilshire Law Firm, P.L.C. as well as their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I. INTRODUCTION

  1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id.* at 649-50.

3. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.     PARTIES

5. Plaintiff Hudson-Bryant is an individual who has a 817- area code telephone number, which is associated with the Northern District of Texas and the Dallas-Fort Worth area.

6. Defendant Wilshire Law Firm, P.L.C. is a California law firm that does mass tort litigation across the country, including in Texas to Texas residents.

## III.     JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violations of the Texas Business and Commerce Code relates to the same telemarketing campaign as the TCPA claim.

8. <u>Personal Jurisdiction</u>: This Court has personal jurisdiction over Defendant. The Court has specific personal jurisdiction over Defendant because they directed their conduct into Texas by calling Texas area code numbers, including 817- area code numbers, to solicit clients for Parkinsons' disease-related mass tort litigation, including by itself using a 682- area code on the initial call.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—were sent into this District.

## IV.     FACTS

**A.     The Enactment of the TCPA and its Regulations**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15. The TCPA also requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

16. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

17. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v.*

*Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

### B.     The Texas Business and Commerce Code

18.     Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

19.     The burden of proof lies on a defendant to show it registered each business location to prove it licensure or on proving an exemption. *Id*. § 302.051.

20.     The sale of legal services is not a product or service for which there is an exemption to the Code. *Id*. § 302.051.

21.     Defendant is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying "Wilshire," as either a DBA or seller name returns no results).

### C.     Unsolicited Telemarketing to Plaintiff

22.     Plaintiff Hudson-Bryant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23.     Plaintiff Hudson-Bryant's telephone number, (817) XXX-XXXX, is a non-commercial telephone number that is used for residential purposes.

24.     Plaintiff Hudson-Bryant uses the telephone number for her own personal, residential, and household needs and reasons.

25. Plaintiff Hudson-Bryant does not use the number for business reasons or business use.

26. The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

27. Plaintiff Hudson-Bryant's number has been on the National Do Not Call Registry for years prior to receiving the calls at issue.

28. Despite that, Mrs. Hudson-Bryant received at least 10 automated calls from the caller IDs 682-529-9381 and 574-688-8752 between February 28, 2025 and March 11, 2025.

29. The calls all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | Date of Query | CNAM Avail? | CNAM Result | Carrier |
| --- | --- | --- | --- | --- |
| 5746888752 | 30/04/2025 | Y | PIERCETON IN | FRACTEL |
| 6825299381 | 30/04/2025 | Y | GRANBURY TX | FRACTEL |

30. As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, FracTel, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

31. FracTel provides its customers, or reseller customers and ultimately end users, the ability to set the CNAM result accurately to reflect their own name as desired, but if the

6

customer does not elect such a CNAM, FracTel's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

32. The first call came in on February 28, 2025 from the caller ID 682-529-9381.

33. Initially, the caller claimed that she was "Samantha" with the illegally and fictitiously named "US Claim Advisors" asking if the Plaintiff had Parkinson's Disease.

34. The Plaintiff stated that she did not, but that she knew someone who did.

35. "Samantha" went on to say that "we are one of the law firms who is currently assisting all the victims who have been diagnosed with Parkinson's disease, and now we are getting them compensated."

36. "Samantha" went on to transfer the call to "a senior supervisor" with the illegally and fictitiously named "US Claim Advisors."

37. When the supervisor came on the line, the supervisor also stated, that she was a "senior supervisor" with "US Claim Advisors" and immediately stated "by the way, our law firm name is the Wilshire Law Firm."

38. The Plaintiff asked the supervisor to repeat herself and clarify the confusion, and the supervisor confirmed three times that she was calling from the "Wilshire Law Firm" and twice that they were located in California.

39. This supervisor promised the Plaintiff a free case evaluation and promised her a result of between $50,000 and $1,000,000.

40. Defendant illegally uses the fake name "US Claim Advisors" to avoid bad will for their brand and reputation.

7

41. The Plaintiff ended the call by stating that she was getting another call and asking for a callback number and that she would give the Defendant a call back.

42. Thereafter, the Plaintiff got peppered with multiple calls, including five calls on March 3, 2025 from 574-688-8752.

43. The Plaintiff then got three calls on March 5, 2025 from that same caller ID. It was the same supervisor from "US Claim Advisors" calling again. The Plaintiff told the supervisor "Can you please add this phone number to your internal do not call list, please and thank you?"

44. The supervisor stated, "I will, but I wanted to…"

45. The Plaintiff hung up.

46. Despite that fact, the Plaintiff received two more calls, including from the same supervisor again from the same number on March 11, 2025.

47. During this call, the supervisor went so far as to repeat three times that the law firm from which she was calling was the Wilshire Law Firm, and stated, "I'm calling you from US Claim Advisors and we are the Wilshire Law Firm. W-I-L-S-H-I-R-E, Wilshire."

48. The supervisor got quite aggressive, demanding to know why the Plaintiff was not interested and why she wished to be placed on the do not call list.

49. Neither Wilshire nor its illegal and fictitious alias "US Claim Advisors" are registered as telephone solicitors with the Texas Secretary of State.

50. Plaintiff's privacy has been violated by the above-described telemarketing calls.

51. Plaintiff never provided her consent or requested these calls.

52. The aforementioned calls to the Plaintiff were unwanted.

53. The calls were non-consensual encounters.

54.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

### V.     CLASS ACTION ALLEGATIONS

55.     <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Texas Business and Commerce Code Class**: All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of Defendant, (2) at any time during which Defendant was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.
>
> **Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

56.     Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

57. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

58. The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

59. Individual joinder of these persons is impracticable.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

62. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

63. This class action complaint seeks injunctive relief and money damages.

64. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

   b. whether Defendant made telephone solicitations to members of the Texas Business and Commerce Code class without the required registration;

   c. whether Defendant failed to honor internal do not call requests;

    d.  whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

    e.  whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

    f.  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  65. Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

  66. Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  67. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

  68. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

69. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

70. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

71. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

72. Defendant's violations were negligent, willful, or knowing.

73. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

74. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Texas Business and Commerce Code**
**Violations of Texas Business and Commerce Code § 302.101**
**(On Behalf of Plaintiff and the Texas Business and Commerce Code Class)**

75. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

76. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

77. Defendant's violations were negligent, willful, or knowing.

78. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are

presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

## THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

79. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

81. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

82. These violations were willful or knowing.

83. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

84. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## FOURTH CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal DNC Class)

85. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

86. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

87. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

88. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiff as representative of the Classes;

    C.    Appointment of the undersigned counsel as counsel for the Classes;

    D.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls without sending proper caller ID;

    F.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls without honoring internal do not call requests;

    G.    An award to Plaintiff and the Classes of damages, as allowed by law; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this May 1, 2025.

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Classes*